UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.   Case No. 5:18-cv-226-MCR/MJF

T LAMB, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before this court is the Plaintiff's "Amended Complaint" (ECF No. 4), and his motion to proceed *in forma pauperis*. (ECF No. 3). Plaintiff, an inmate of a Florida Correctional Institution, purports to sue on behalf of himself and other inmates because of "contaminated water" at the Mayo Correctional Institution in Mayo, Florida. (ECF No 4 at 6, ¶ 6). Because the Plaintiff had accrued three "strikes" prior to the filing of this action, the undersigned recommends that this case be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

**I.   Background**

On September 24, 2018, Plaintiff, an inmate of the Florida Department of Corrections, filed a letter with the clerk of the court indicating he was in "imminent danger," but he did not offer any facts to support this claim.[2] (ECF No. 1). This court advised Plaintiff that, to commence an action under 42 U.S.C. § 1983, he must file a complaint using the court-approved form and must pay the $400 filing fee or file a motion to proceed *in forma pauperis*. (ECF No. 2 at 4-5). On October 29, 2018, Plaintiff filed a motion to proceed *in forma pauperis* and his "First Amended Complaint." (ECF No. 3, 4).

**II.   Discussion**

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the courts with meritless claims, Congress enacted the Prison Litigation Reform Act

---

[2] Plaintiff filed an identical letter with the Middle District of Florida, that was then transferred to the Northern District, and subsequently dismissed for failure to pay the filing at the time of filing. The court held that Plaintiff was barred from proceeding *in forma pauperis* pursuant to the three-strikes rule under 28 U.S.C § 1915(g). Further, Plaintiff failed to demonstrate he was in "imminent danger, and he was required to pay the filing fee. *See Frazier v. Lamb, et. al.*, 1:18-cv-186-MW/GRJ (ECF Nos. 1, 8, 11) (N.D. Fla. December 3, 2018).

(PLRA)." *Id.* The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means

he must pay a filing fee unless he meets the imminent danger statutory exception."). Failure to pay the filing fee warrants dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit).

### A.  **Plaintiff's History of Federal Litigation**

In addition to the case at bar, the Plaintiff has filed at least twenty civil actions in the Northern District of Florida, and numerous other actions in the Middle and Southern Districts.[3] Seventeen of the twenty complaints have been dismissed, but

---

[3] In his complaint, Plaintiff failed to provide any information on his previous litigation history. Indeed, he represented that he does not have any of his case history or case numbers. (ECF No. 4 at 5). Given that the Plaintiff has filed six complaints—in addition to the current complaint before this court—in the Northern District since September 2018, this court finds Plaintiff's assertion of ignorance to be incredible. In addition, these six complaints are almost identical and allege the same civil rights violation related to "water contamination" as the complaint currently before this court. *See Frazier v. Mayo Correctional Inst.*, 1:18-cv-175-MW/GRJ (N.D. Fla. 2018); *Frazier v. Department of Corrections*, 1:18-cv-186-MW/GRJ (N.D. Fla. 2018); *Frazier v. Lamb, et. al.*, 1:18-cv-205-MW/GRJ (N.D. Fla. 2018); *Frazier v. Lamb, et. al.*, 1:18-cv-207-MW/GRJ (N.D. Fla. 2018); *Frazier v. Mayo Correction Inst.*, 1:18-cv-211-MW/GRJ (N.D. Fla. 2018); *Frazier v. Lamb, et. al.*, 1:18-cv-212-MW/GRJ (N.D. Fla. 2018).

only three remain open in the Northern District of Florida. The following cases were dismissed for maliciousness or for failure to state a claim upon which relief may be granted:[4]

- *Frazier v. Moore,* 3:03-cv-08-RH (N.D. Fla. June 5, 2003) (dismissing Plaintiff's complaint for providing inaccurate answers on the prisoner litigation questionnaire concerning prior litigation).

- *Frazier v. Buss*, 4:11-cv-98-SPM-WCS (N.D. Fla. July 15, 2011) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii)).

- *Frazier v. Adams*, 2:12-cv-14220-JEM (S.D. Fla. Aug. 15, 2012) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii)).

Each of these cases qualifies as a "strike" for purposes of § 1915(g), and each was dismissed prior to October 29, 2018, the date Plaintiff filed the instant case. (ECF No. 4). Indeed, in 2016, in another case in this district, Plaintiff conceded that he had already accrued three strikes. *See Frazier v. Jones*, 4:16-cv-281-MW-GRJ (N.D. Fla. Oct. 28, 2016). In that case, however, the *defendants* paid the filing fee upon removal of the case to federal court. *Id.* This Court has confirmed that the inmate identification number of the plaintiff in the previous

---

[4] This list does not include all of the Plaintiff's cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. This abbreviated list simply demonstrates—as the Plaintiff himself concedes, *see Frazier v. Jones*, 4:16-cv-281-MW-GRJ (N.D. Fla. Oct. 28, 2016)—that he had accrued three strikes prior to filing the current action.

cases is the same as Plaintiff's inmate identification number in this case: 099699.

Therefore, Plaintiff is precluded from litigating this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ciarpaglini*, 352 F.3d at 329.

### B.     The "Imminent Danger of Serious Physical Injury" Exception

As noted above, there is a narrow exception to the rule precluding a litigant with "three strikes" from proceeding *in forma pauperis*; namely, when a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege that the plaintiff is in "imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. A mere conclusory assertion of imminent danger is insufficient, however. *See Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).

A claim by a prisoner that he previously faced an imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Construed liberally, Plaintiff's amended complaint lacks an allegation of imminent danger of serious physical injury. (ECF No. 4). Although in an inmate grievance form that the Plaintiff attached to his amended complaint, Plaintiff mentions imminent danger of serious bodily injury and the need to prevent murder

and torture at the hands of prison staff, he does not identify a specific threat that is ongoing or likely to result in imminent serious physical injury. (ECF Nos. 1, 4). Rather, Plaintiff contends that he and other inmates are forced to drink contaminated water at the Mayo Correctional Institution, which allegedly has caused inmates to suffer headaches, sore throats, chest pains, stomach pains, kidney pains, side pains, fever, diarrhea, and infections. (ECF No. 4 at 7-8, 10). Notably, however, Plaintiff provided no details regarding the circumstances under which he was "forced" to drink the contaminated water, or what, if any, negative effects he has personally suffered from the water. (ECF No. 4). Plaintiff also failed to provide any details regarding the severity, duration, or frequency of the negative effects that he personally suffered from consuming the water. (*Id.*). The allegations simply are too vague and generalized to demonstrate that the Plaintiff is under imminent danger of serious physical injury.

Plaintiff also alleges he was given a "Dr. Report" in retaliation for filing grievances regarding the prison conditions at Mayo Correctional Institution, and that he was encouraged by prison officials to cease filing grievances about the conditions at the unit. (ECF No. 4 at 8-9). He states that he is now subject to false imprisonment and confinement and that he is separated from his legal property. (*Id.* at 9). Plaintiff included a list of alleged "injuries," but still failed to identify any serious physical injury. (*Id.* at 10). Instead, Plaintiff contends he is being deprived

of certain rights including his right to watch television, the right to work, the right to visit the canteen, to name but a few. (*Id.*). None of these rises to the level of imminent danger of serious physical injury.

Recently, in a nearly identical claim filed by the Plaintiff in this district, Chief Judge Mark E. Walker held that the Plaintiff likewise had failed to establish that he was under imminent danger of serious physical injury. *See Frazier v. Lamb et. al.*, 1:18-cv-186-MW/GRJ (N.D. Fla. December 3, 2018). In the instant case, Plaintiff alleges the same purported "injuries" that he did in the case dismissed by Judge Walker. *Compare* (ECF No. 4) *with Frazier*, 1:18-cv-186-MW/GRJ (ECF No. 6).[5]

Accordingly, Plaintiff is not entitled to proceed *in forma pauperis* based on his multiple "strikes" and his failure to establish that he is in imminent danger of serious physical injury. In light of this, and because he has not paid the $400.00 filing fee, this action should be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236.

## III.   Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) be **DENIED**; and

---

[5] The court notes that the Plaintiff did allege additional "injuries" in the complaint currently before this court that the Plaintiff had not previously alleged in his other civil actions. The newly-alleged injuries, however, do not involve any imminent danger of physical injury. (ECF No. 4 at 10).

2.   this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee.

In Pensacola, Florida, this <u>14th</u> day of December 2018.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.